UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br> )<br> **Plaintiff,** )<br> )<br> vs. )<br> )<br> **GONZALES & GONZALES BONDS AND** )<br> **INSURANCE AGENCY, INC., and** )<br> **AMERICAN SURETY COMPANY, INC.,** )<br> )<br> **Defendants.** ) | Cause No. 1:09-cv-1068-WTL-TAB |

### ENTRY ON MOTION TO DISMISS OR TRANSFER VENUE

The United States of America brings this action to enforce several final administrative decisions by the Department of Homeland Security ("DHS") regarding immigration delivery bonds posted by the Defendants. Specifically, the USA alleges that the Defendants substantially violated the conditions of eighteen immigration delivery bonds by failing to deliver the aliens who were the subjects of the bonds in question into custody when required to do so or by failing to ensure that the aliens voluntarily left the United States in a timely manner. On the same day that it filed this action, the USA filed two other cases against the same Defendants involving other immigration delivery bonds. One of the actions was filed in the Northern District of California ("CAN"); the other, which was filed in the Western District of Tennessee, has since been transferred to CAN. In the instant motion, the Defendants ask that this case also be transferred to CAN.[1]

---

[1] The Defendants' motion seeks dismissal for improper venue or, in the alternative, transfer to CAN. The Court will assume, without deciding, that this case was properly filed in this district because even if it was not, the Court believes the interests of justice would be best

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  There is no dispute that this case could have been brought in CAN.  The issue, then, is in which district the convenience of the parties, the convenience of the witnesses, and the interest of justice will be better served.  While the general rule is that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed,'" *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) and other cases), "[r]arely . . . is not never." *In re National Presto*, 347 F.3d at 664.  For the reasons set forth below, the Court determines that the balance of the relevant factors weighs in favor of transferring this case to CAN.

CAN clearly is more convenient for the Defendants.  While Defendant American Surety Company, Inc., ("ASC") is an Indiana Corporation, Defendant Gonzales and Gonzales Bond and Insurance Agency, Inc., ("G&G") is a California company with its principal place of business in Los Angeles, California, and it was G&G–as  ASC's agent–who was responsible for all of the immigration bonds at issue in this case.  With regard to the Plaintiff, while in general California is no more or less convenient than Indiana for the USA, it seems to the Court that the fact that the USA's attorneys are already litigating two similar cases against the same Defendants in CAN means that it would be more efficient for the lawyers–and therefore a better use of the taxpayers' money–to litigate this case there as well.  With regard to the conveniences of the witnesses, the USA argues that this case will be decided on the administrative record and therefore there will

---

served by transferring this case to a more convenient forum rather than dismissing it.  *See* 28 U.S.C.A. § 1406(a) (permitting transfer of case instead of dismissal when venue found to be improper).

not be any witnesses; the Defendants disagree. Either way, it seems certain that there are no witnesses in Indiana who would be inconvenienced by a transfer to CAN.

The final factor to be considered is the "interest of justice." "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system. For example, the interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). The USA's decision to file three separate cases in three separate districts rather than combining them into one was based on its belief that three smaller cases would be decided more quickly than one large, "overwhelming" case. Perhaps it is true that "big" cases sometimes take longer to resolve simply because they are "big" and the court must set aside a longer block of time to devote to them. That does not make it more efficient to divide a big case into several smaller cases and spread them around the country, however. The general rule is that "related litigation should be transferred to a forum where consolidation is feasible," *id.*, for the basic reason that it is far more efficient overall for a single judge to become familiar with the common legal issues and how the law is applied than for several judges to do so.

Because the interest of justice weighs in favor of transferring this case to CAN and the USA has not pointed to any countervailing interest that justifies keeping the case here, the Defendant's motion to transfer is **GRANTED**. The Clerk is directed to transfer this case to the Northern District of California.

SO ORDERED:   05/27/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

3

Copies to all counsel of record via electronic notification